# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

DANNY RAY MEEKS             )
                                  )
       **Plaintiff,**          )
                                  )
**v.**                              )      **Case No. 3:12-mc-00035**
                                  )
**DERRICK D. SCHOFIELD** *et al.*,   )      **Judge Trauger**
                                  )
       **Defendants.**      )

## MEMORANDUM OPINION

Plaintiff Danny Ray Meeks, a state prisoner incarcerated at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, has filed a *pro se* complaint asserting violations of his rights under various federal laws. Because the plaintiff proceeds *in forma pauperis* and because he seeks redress from a government entity and government officers and employees, the complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

Upon conducting this review, the court must dismiss the complaint, or any portion thereof, if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## I.     Factual Allegations in the Complaint

The plaintiff in this case names as defendants Derrick Schofield, Commissioner of the Tennessee Department of Corrections ("TDOC"); Mike Christensen, FS/ADA Officer; Chris Aibangbee,[1] Unit Manger; and Dennis Davis, Grievance Board Corporal. The complaint states explicitly that each of these defendants is sued in his individual capacity only. TDOC is also named as a defendant, as the agency that may be liable under the RA and Title II of the Americans with Disabilities Act (ADA).

---

[1] The exhibits filed with the plaintiff's complaint indicate that the correct spelling of this defendant's name is "Abingambe." (See ECF 1-1, at 2.)

Broadly construed, the complaint contains allegations that the plaintiff engaged in activity protected by the First Amendment and the Americans with Disabilities Act ("ADA") by pursuing a lawsuit in federal court to vindicate rights under the ADA, and successfully seeking discovery in that case. He claims that defendant Mike Christensen was upset with the plaintiff for being required to produce discovery in the plaintiff's federal lawsuit, and retaliated against the plaintiff for his having engaged in that protected activity by taking the bathroom doors off all the bathrooms in the plaintiff's housing unit, knowing that the plaintiff suffers from paruresis, a mental anxiety disorder which makes the sufferer unable to urinate in the presence of others, such as in a public restroom. The plaintiff alleges that the other defendants were aware of this action and failed to take any action to stop it, but he does not allege that they personally had any involvement in the retaliatory action.

The plaintiff also alleges that the action of removing the bathroom doors in his unit violated his right of access under the ADA, and that the defendants failed to make a reasonable accommodation for his disability (paruresis) and failed to engage in the statutory interactive process for determining a reasonable accommodation. Instead, the plaintiff was eventually transferred to a medical unit at the prison facility as an "accommodation," even though he did not have a medical problem. Being housed in the medical unit means, however, that the plaintiff is ineligible to participate in activities open to the general prison population, including such activities as the Inmate Field Day event and "incentive meals." (ECF No. 1, at 13.) As a result of being housed in the medical unit, the plaintiff is also disqualified for placement in the Honor Unit, and ineligible to be classified to a lower security/custody level or to be considered for a job as a Trusty worker outside the compound.

Finally, the plaintiff alleges that defendant Dennis Davis revealed confidential medical information regarding his paruresis to all the inmates in his housing unit during a grievance meeting concerning the removal of the bathroom doors, without the plaintiff's permission or consent.

The plaintiff asserts that he has filed numerous grievances and appeals of his grievances related to all these actions, to no avail. The plaintiff seeks to bring claims under 42 U.S.C. § 1983, the ADA, the Rehabilitation Act, and Title VII of the Civil Rights Act of 1964. He requests declaratory and injunctive relief as well as compensatory and punitive damages.

**B.      Analysis and Discussion**

Having carefully reviewed the plaintiff's complaint, the court finds that the complaint states a cognizable claim under § 1983 against defendant Mike Christensen for retaliation based on the plaintiff's having engaged in activity protected by the First Amendment. The plaintiff alleges (1) protected activity—pursuit of a lawsuit and discovery in federal court; (2) an adverse action by the defendant—the decision to remove the bathroom doors with the knowledge that this would cause a hardship for the plaintiff because of his paruresis; and (3) that the action was taken at least in part because of the plaintiff's having engaged in the protected activity. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) ("To state a claim alleging retaliation for exercising a constitutional right, a plaintiff must show that (1) he engaged in protected conduct; (2) that defendant took an adverse action against him . . . ; and (3) that the adverse action was taken (at least in part) because of the protected conduct." (*citing Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). The allegations in the complaint, however, do not suggest that the other individual defendants actively engaged in the unconstitutional behavior in such a way that would give rise to individual liability on their part for that action. *See Shehee v. Luttrell*, 199 F.3d 295, 300) (6th Cir. 1999) (holding that knowledge of allegedly unconstitutional behavior but failure to act did not constitute the active unconstitutional behavior required to support a claim under § 1983). TDOC cannot be liable to the plaintiff on this claim, because neither the state nor a state agency is a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The court finds that the complaint also states a potentially viable claim against defendant Dennis Davis under 42 U.S.C. § 1983 for violation of the plaintiff's right to privacy, as a result of Dennis's alleged disclosure of the plaintiff's private medical information to other inmates . The Sixth Circuit has held that, while prisoners do not have a constitutional privacy right protecting against the disclosure of private medical information to corrections officials, *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994), prisoners do have a Fourteenth Amendment privacy interest in having sensitive medical information kept confidential from other inmates. *Moore v. Prevo*, 379 F. App'x 425, 427 (6th Cir. 2010) (citing *Doe v. Delie*, 257 F.3d 309, 317 (3d Cir. 2001) (holding that prison officials who disclosed an inmate's HIV status to officers, guards, and inmates had violated the inmate's constitutionally protected right to privacy)). In both *Moore* and *Delie*, the private medical

-3-

information at issue was the plaintiff's HIV status, but the cases did not draw a distinction among different degrees of the sensitivity of medical information.

The plaintiff has not alleged any facts that would support a claim under Title VII, because he has not alleged discrimination arising in the context of employment.

The primary focus of the plaintiff's complaint is the removal of the bathroom doors. In that regard, the court finds that the complaint can be read generously to allege the violation of his rights under the ADA and the RA resulting from the prison's failure to provide him a reasonable accommodation for his paruresis after removal of the doors of the bathrooms in his housing unit. The plaintiff, however, cannot pursue these claims against the individual defendants.

Title II of the ADA prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" is defined, in relevant part, as "any State or local government" and as "any department, agency . . . or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A) & (B). Thus, "[u]nder Title II of the ADA, which forbids discrimination by 'any public entity', 42 U.S.C. § 12131, the proper defendant is that 'entity.'" *Williams v. McLemore*, 247 F. App'x 1, 6 (6th Cir. 2007) (quoting *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000)). The ADA does not authorize suit against public employees or supervisors in their individual capacities. *See Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999). Consequently, the ADA and RA claims against the individual defendants, who are all expressly named only in their individual capacity, are subject to dismissal.

However, the plaintiff also names TDOC as a defendant, which is a public entity subject to suit under both the RA and the ADA. *See United States v. Georgia*, 546 U.S. 151, 154 (2006) ("The [ADA] defines 'public entity' to include 'any State or local government' and 'any department, agency, . . . or other instrumentality of a State,' § 12131(1). . . . [T]his term includes state prisons." (citing *Penn. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998)); *Thompson v. Williamson Co.*, 219 F.3d 555, 557, n.3 (6th Cir. 2000) ("Because the ADA sets forth the same remedies, procedures, and rights as the Rehabilitation Act . . . claims

-4-

brought under both statutes may be analyzed together."). States waive sovereign immunity against the RA when they accept federal funds, *Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002), and the court will presume, at this stage in the proceedings, that the state receives federal funds for the operation of state prisons, including the DeBerry Special Needs Facility where the plaintiff is housed. Further, it is clear that claims under the Title II of the ADA for injunctive relief may proceed against the state agency. *See United States v. Georgia*, 546 U.S. 151, 160 (2006) (Stevens, J., concurring) (noting that "the state defendants have correctly chosen not to challenge the Eleventh Circuit's holding that Title II [of the ADA] is constitutional insofar as it authorizes prospective injunctive relief against the State").[2] To the extent that the plaintiff alleges that the conduct that violated the ADA also violated his constitutional rights, the Supreme Court has held that the ADA validly authorizes claims for monetary damages against a state. *See id.* at 159 ("[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."). While it is doubtful in the present case that the actions that allegedly violated the plaintiff's rights under the ADA also violated the plaintiff's constitutional rights, the court nonetheless finds, for purposes of the initial review, that the plaintiff's claims against TDOC under the RA and Title II of the ADA, for both injunctive relief and monetary damages, should be allowed to proceed. Neither the RA nor the Title II of the ADA, however, authorizes punitive damages. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). The claim against TDOC for punitive damages is therefore subject to dismissal.

**C.    Conclusion**

For the reasons set forth herein, the § 1983 claims against defendants Mike Christensen and Dennis Davis in their individual capacities, for compensatory and punitive damage and injunctive relief, will be allowed to proceed, as will the claims for injunctive relief and compensatory damages against TDOC under the RA and the ADA. The plaintiff is cautioned that this is a preliminary finding only, and that the court makes no findings with respect to the merits of any of the plaintiff's claims.

---

[2] The Supreme Court's statement in this regard, which may be considered *dicta* and appears in a concurring opinion but is nonetheless quite clear, is directly at odds with the Sixth Circuit's holding in *Carten v. Kent State*, 282 F.3d at 397–98, that the Eleventh Amendment bars Title II ADA claims for prospective injunctive relief against a state.

All other claims in the complaint are subject to dismissal for failure to state a claim, including the First Amendment retaliation claims against defendants Derrick Schofield, Chris Aibangbee/Abingambe, Dennis Davis and TDOC; any claim under Title VII; the ADA/RA claims against the individual defendants; and the punitive damages claims against TDOC.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge