IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DANNY RAY MEEKS | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:12-cv-545 |
| DERRICK D. SCHOFIELD et al., | ) | Judge Trauger |
| Defendants. | ) | |

### MEMORANDUM and ORDER

Before the court are objections (ECF Nos. 197, 198, 199, 200, 212) submitted by the plaintiff and by proposed intervenors to the magistrate judge's order (ECF No. 182), denying the proposed intervenors' motions to intervene.

 A. **Procedural Background**

On January 16, 2013, four individuals—David Cosgriff, James Hyde, Tommy Page, and William Shatswell—filed separate motions to intervene in this case, in which they stated only that they were "asking this court to let [them] proceed as a [sic] Intervenor Plaintiff in this case." (ECF Nos. 85, 87, 89, 91.) None of these proposed intervenors provided an argument or explanation as to why he should be permitted to intervene as a plaintiff in this action. On the same day, a fifth individual, Donald Jett, filed a separate Motion to Join Verified Complaint as Intervenor Plaintiff Pursuant to Fed. R. Civ. P. 20(a) (ECF No. 84), in which he provided a lengthy and detailed account of his becoming friends with plaintiff Danny Meeks, testifying for him at a disciplinary hearing, and as a result being subjected to retaliatory actions and threats by Disciplinary Board Chairman Dennis Davis and Deputy Warden Patrick Ryan, among others. The defendants filed a response in opposition to the motions to intervene, arguing that the motions were not timely and that the proposed intervenors failed to show they had a substantial legal interest in the subject matter of this suit. (ECF No. 97 (citing *Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000).)

Magistrate Judge Bryant entered an order on April 2, 2013 (ECF No. 182), denying the motions to intervene on the basis that allowing the non-parties to intervene at this stage in the proceedings would unduly complicate the management of the case and impose a substantial and unnecessary delay in resolving the

claims of the original plaintiff. The magistrate judge also noted that the motions of Cosgriff, Hyde, Page, and Shatswell failed to demonstrate any grounds for intervention. (*Id.* at 1.) The magistrate judge denied the motions without prejudice to the non-parties' ability to file their own separate complaints if they wished to do so, and the Clerk was directed to mail to each of the non-party movants a package containing a form § 1983 complaint.

In response, the proposed intervenors raise the following specific objections to the magistrate judge's denial of their motion[1]:

(1) The magistrate judge's determination that intervention was inappropriate at this stage in the proceedings was unfair in light of the magistrate judge's delay of seventy-six days[2] in ruling on the motions, and was in contravention of the requirement in Rule 72(a) of the Federal Rules of Civil Procedure that the magistrate judge "promptly" rule on any matters pending before him;

(2) Any purported complicating effect intervention might have on the case is not attributable to the movants and is due instead to the magistrate judge's repeated delays in ruling on the plaintiff's and intervenors' motions;

(3) The movants deny that intervention would have any adverse effect on plaintiff Meeks's pursuit of his claims and argue that consolidation of the claims would further the aims of judicial economy and the ends of justice;

(4) The movants object to the magistrate judge's finding that the motions of Cosgriff, Hyde, Page, and Shatswell were unsupported, on the grounds that these movants are laymen "who are under extreme duress and coercion on a daily basis" and therefore should have been permitted to correct any deficiency in

---

[1] In fact, Cosgriff, Hyde, Page, Shatswell, and Jett each filed a separate "Notice of Appeal" signaling each movant's intent to appeal to the district judge the magistrate judge's denial of his motion to intervene. These notices are identical, and all state the movants' argument that their motions to intervene should be granted because the movants were "associated with Plaintiff Danny Ray Meeks and the Court waited until four months later to make a Ruling on myself to be an intervenor plaintiffs" [sic] and because of "Defendants' discrimination and retaliation." (ECF Nos. 197, 198, 199, 200, 213, at 1.) Danny Meeks himself filed, on behalf of all the proposed intervenors, a more comprehensive argument titled "Intervenor Plaintiff's Specific Objections . . . to Magistrate Judge's Order D.E. No. 182." (ECF No. 212.) Although this document was not signed by any of the proposed intervenors, the Court will consider it as if it were filed by the proposed intervenors in support of their motions.

[2] In fact, barely two months passed between the filing of the defendants' response to the motions to intervene and the magistrate judge's ruling.

their filing (ECF No. 212, at 4); and

(5)  The denial of the movants' requests for appointment of counsel is an abuse of discretion and is unfair since the State of Tennessee provides counsel to the defendants at the taxpayers' cost. (*See* ECF No. 212.)

**B.** **Standard of Review**

As an initial matter, the court must decide whether a motion to intervene is non-dispositive such that the court's review of the magistrate judge's order is governed by 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, or dispositive such that review is governed by 28 U.S.C. § 636(b)(1)(B) and Rule 72(b).

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge is not authorized to "determin[e]" matters that are "dispositive of a claim or defense of a party."  *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514 (6th Cir. 2001).  In determining whether a particular motion is dispositive, the court must perform a functional analysis of the motion's potential effect on litigation.  *Id.* at 514–15.  "The list of dispositive motions contained in 28 U.S.C. § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in 28 U.S.C. § 636(b)(1)(A) are also dispositive."  *Id.* at 515 (citation omitted).

This court concludes that the denial of a motion to intervene is functionally equivalent to several of the motions listed in 28 U.S.C. § 636(b)(1)(A),[3] and that a motion to intervene is dispositive as to the *pro se* movants who seek to intervene.  *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir.1999) (holding that a motion for default judgment is dispositive because it is "substantially similar to several of the listed motions"); *Massey v. City of Ferndale*, 7 F.3d 506, 509–10 (6th Cir. 1993) (holding that a motion for Rule 37 sanctions is dispositive); *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169–70 (6th Cir. 1993) (holding that a motion to certify a district court order for interlocutory appeal is dispositive); *Bennett v. General Caster Serv.*, 976 F.2d 995, 997 (6th Cir. 1992) (holding that a motion for Rule 11 sanctions is dispositive); *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992) (holding that, because a motion to realign parties would

---

[3] The list includes "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1)(A).

-3-

either destroy or preserve diversity jurisdiction, motions to realign are dispositive); *Woods v. Dahlberg*, 894 F.2d 187, 187–88 (6th Cir. 1990) (holding that a motion to proceed *in forma pauperis* is dispositive because it is the functional equivalent of an involuntary dismissal).

Accordingly, the court will construe the magistrate judge's order denying the motions to intervene as a Report and Recommendation subject to the standard of review set forth in Rule 72(b)(3) and 28 U.S.C. § 636(b)(1)(c). Under these provisions, the district court must review, *de novo*, any finding or recommendation of the magistrate judge's Report and Recommendation to which specific objections have been raised. The district court need only review the magistrate judge's factual or legal conclusions to which either party specifically objects. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### C. Analysis and Discussion

#### 1. *Intervention as of Right*

The right to intervene under Rule 24(a)(2) of the Federal Rules of Civil Procedure arises only if the court finds that a person seeking intervention has established three elements: (1) an interest in the subject matter of the pending litigation; (2) a substantial risk that the litigation will impair the interest; and (3) existing parties do not adequately protect that interest. The Sixth Circuit adds timeliness to these factors. *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) ("We have explained that a proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." (citation omitted)). The elements are not factors to be weighed; rather, all of the elements must be satisfied before an applicant may exercise a right to intervene under Rule 24(a)(2). *See Ams. United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303, 305 (6th Cir. 1990) (noting that an intervenor must satisfy all the elements of the Rule 24 standard).

In this case, it is clear that the proposed intervenors have not made the necessary showing that they have an interest in the subject matter of the pending litigation or that the pending litigation will impair any such interest. Danny Meeks, the current plaintiff, brought suit alleging that he suffers from paruresis and that the

-4-

removal of the bathroom doors in the prison unit where he was housed violated his federal rights under the ADA and the RA. He also brought claims under 42 U.S.C. § 1983 for alleged retaliation and disclosure of confidential medical information. The plaintiff was permitted to amend his complaint to allege that he was subjected to retaliation arising from the filing of grievances and this lawsuit related to the bathroom-doors issue, and that his access to the courts had been impeded. (ECF No. 28.) All of these claims relate solely to the plaintiff personally. Jett, the only proposed intervenor who provided factual support for his motion to intervene, seeks to bring claims related to allegations of retaliation against him personally, based both on his friendship with Meeks and his own work assisting other inmates in pursuing their own legal claims. These retaliation claims are personal to Jett. Even if the court presumes that the other movants would raise similar retaliation claims, such claims would be personal to them. In short, the alleged retaliation against the proposed intervenors in connection with the movants' relationships with Meeks does not establish that the movants have *any* legal interest in the subject matter of the pending litigation brought by Meeks, much less a "substantial" interest; nor does it suggest that the outcome of Meeks's litigation will impair any of their own interests. Accordingly, even if this court were to conclude that the motions to intervene were timely, the proposed intervenors cannot establish any of the remaining four elements necessary to establish that they are *entitled* to intervene as of right under Rule 24(a). The court therefore finds as a matter of law that the proposed intervenors have not established that they have a right to intervene under Rule 24(a).

### 2. *Permissive Intervention*

Under Rule 24(b), a court *may* permit intervention to any party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The rule further provides that the court, in exercising its discretion, must consider whether a proposed intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Rule 24(c) also states that a motion to intervene must be accompanied by a "pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

While Jett's motion was arguably accompanied by the required pleading, the other four movants' motions were not, and to date the court has no inkling what claims those proposed intervenors seek to raise. In other words, all movants except Jett failed to comply with Rule 24(c), which alone provides a basis for

denial of their motions. And while it is true that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (cited in *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Further, however, while Meeks believes his pursuit of his claims would not be prejudiced by the proposed interventions, and Meeks obviously does not object to the proposed intervention, the defendants do, and the court finds in the exercise of its discretion that joining five new plaintiffs at this late date to a lawsuit that has been pending for a year already would unnecessarily prolong and complicate matters. One factor that renders joinder of numerous plaintiffs in a prison case all the more complicated is that all litigants must sign all pleadings. The logistical problems posed by this requirement are illustrated by the fact that Meeks, though he provided signature lines for all the proposed intervenors in his most recent filing, nonetheless did not obtain the signatures of even one of the proposed intervenors on the objections he filed to the magistrate judge's denial of the motions to intervene. In addition, conducting discovery with five additional plaintiffs would cause additional unnecessary complications and inevitable delays. And, while the proposed intervenors seek to blame any adverse effect of delay on the magistrate judge, the fact is that the magistrate judge ruled on the motions to intervene just 62 days after they became ripe. The proposed intervenors, by contrast, did not file their motions to intervene until 9 months after the filing of the complaint, even though the allegations in Jett's proposed pleading, at least, show that he was aware of potential claims as early as the fall of 2011.

Although Jett at least has established the existence of some overlapping questions of law and fact, namely the law of retaliation and the fact that some of the retaliation Jett allegedly suffered was due to his relationship with Meeks, the overlap is relatively small compared to the entire scope of Meeks' lawsuit and Jett's proposed claims. The court therefore finds that the existence of a few common issues of law and fact does not justify intervention in this case. And finally, Jett and the other proposed intervenors have not shown that they will be prejudiced by being required to file separate lawsuits to pursue their legal claims.

Case 3:12-cv-00545    Document 221    Filed 04/30/13    Page 6 of 7 PageID #: 879

### D. Conclusion

For all these reasons, the court finds that the proposed intervenors are not entitled to intervene as of right under Rule 24(a), and that permissive intervention under Rule 24(b) is not warranted. The magistrate judge's recommendation (ECF No. 182) that the motions to intervene be denied is hereby **ADOPTED AND ACCEPTED**, and the motions to intervene (ECF Nos. 84, 85, 87, 89, and 91) are **DENIED**.

Further, because the motions to intervene have been denied, the motions for appointment of counsel (ECF Nos. 86, 88, 90, and 92) have been rendered moot.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge