IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DANNY RAY MEEKS | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:12-cv-545 |
| DERRICK D. SCHOFIELD et al., | ) | Judge Trauger |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Before the court are the plaintiff's objections (ECF Nos. 216, 217, and 218) to several different orders entered by the magistrate judge (ECF Nos. 201, 202 and 205).

Each of the orders in question is non-dispositive. Under Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 626(b)(1)(A), a party may object to a magistrate judge's non-dispositive orders. The district court must review the objections and must affirm the magistrate judge's ruling unless the movant demonstrates that the ruling is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573–74 (1985). Instead, the standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395 (1948).

For the reasons set forth herein, the plaintiff's objections will be overruled.

### *(1) Objections at ECF No. 216*

On October 10, 2012, the plaintiff filed a motion (ECF No. 49) to alter the scheduling order (ECF No. 30) entered by Magistrate Judge Bryant on August 16, 2012. Specifically, the plaintiff sought an extension of 30 days after his release from segregation, or until Monday, November 26, 2012, to "get his files, research materials and schedule reorganized to the point at which he can again begin work on the instant case." (ECF No. 49, at 1.) The plaintiff did not ask for an extension of any specific deadline; it appears he sought to extend all the deadlines in the scheduling order by approximately six weeks. Besides asking to extend all

deadlines, the plaintiff also described in great detail the events leading up to his being placed back in segregation, alleging that a corrections officer "planted" contraband, in the form of a two-inch square of sandpaper, in the plaintiff's pocket and that other corrections officers found contraband in the form of other inmates' legal papers in the plaintiff's box at the prison law library. The plaintiff received disciplinary write-ups on both charges but was found not guilty on the latter charge. The plaintiff was then charged with and found guilty of attempting to intimidate a prison employee. The plaintiff alleges the planting of contraband and the disciplinary actions were in retaliation for his continuing his legal activities, and specifically in response to his having served on the defendants a motion for a restraining order, filed in this action on September 20, 2012 (ECF No. 43) (which has since been denied (ECF No. 205)).

On April 12, 2013, Magistrate Judge Bryant entered a margin order denying the plaintiff's motion to amend the scheduling order as moot. (ECF No. 201.) Magistrate Judge Bryant noted that the deadlines for which extension was sought in the motion had all expired, even if construed as extended,[1] and the court had already extended the pretrial deadlines by order entered February 7, 2013 (ECF No. 104). The February 7 order extended all pretrial deadlines by several months, and thus provided greater relief than that sought by the plaintiff's original request to extend the deadlines.

The plaintiff objects to the magistrate judge's order on the basis that it was not timely and therefore failed to comply with Rule 72(a), requiring that the magistrate judge "promptly conduct" the proceedings referred to him. The plaintiff asserts that the magistrate judge's failure to rule promptly on the plaintiff's motion "prejudiced Plaintiff's entire case," and "'sabotage[d]' this action to the point that the Plaintiff is now in an adversarial position with the magistrate judge, the defendant's counsel, the Tennessee Department of Correction (TDOC) . . . and the named Defendants as individuals." (ECF No. 216, at 1.) The plaintiff does not explain how he has been prejudiced by the denial of his order when the magistrate judge already granted an extension of all pretrial deadlines well beyond the six weeks originally sought by the plaintiff.

The plaintiff similarly objects that the magistrate judge engaged in "preferential treatment" insofar as he ignored the plaintiff's motion to amend the scheduling order for four months, but when the defendants filed

---

[1] The last dates noted in the original scheduling order provided a January 14, 2013 deadline for filing dispositive motions and a February 25, 2013 deadline for replies to responses to such motions. (ECF No. 30, at 4.)

a motion to amend the scheduling order on February 6, 2013, the magistrate judge promptly granted the defendants' motion the next day, on February 7, 2013. (See ECF Nos. 101, 104.)

The plaintiff includes other objections that do not specifically pertain to the order denying his motion to amend the scheduling order, which the court therefore will not address

The plaintiff has failed to demonstrate that he was in any way prejudiced by the magistrate judge's failure to rule on his own motion to extend deadlines and instead granting the defendants' motion to amend the scheduling order. The plaintiff's motion was vague and did not ask for the extension of any specific deadline, and it included extraneous materials and requests for relief that were unrelated to the scheduling order. The plaintiff was not barred from taking any action or filing any documents by reason of a failure to meet the established deadlines. More fundamentally, the plaintiff has not demonstrated that the magistrate judge's action was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).

The plaintiff's objections (ECF No. 216) to the magistrate judge's order denying as moot his motion to amend the scheduling order are therefore **OVERRULED**.

### *(2)  Objections at ECF No. 217*

In his order at ECF No. 202, Magistrate Judge Bryant denied two motions filed by the plaintiff seeking leave to amend his complaint (ECF Nos. 62 and 95 (filed on November 29, 2012 and January 25, 2013, respectively)). In denying the motions, the magistrate judge first noted that the plaintiff had already been given leave to amend his complaint once, and that both the new motions to amend were untimely, having been filed after the deadline for amendments to the pleadings established by the scheduling order at ECF No. 30.[2]

The actual reason for the magistrate judge's ruling, however, was that the proposed amendments were actually proposed *supplemental* complaints, insofar as they sought to assert claims based on events that occurred after the original complaint was filed, and they sought to add new defendants, including some who were identified with a different correctional facility than the one where the current defendants were employed. The magistrate judge denied the motions to amend based on his finding that allowing the

---

[2] The plaintiff's motion to extend the filing deadline (ECF No. 49) was still pending at the time the plaintiff filed both the motions to amend.

-3-

proposed amendments "would unnecessarily and unreasonably complicate and delay the resolution of the current action and would not further interests of judicial economy." (ECF No. 202, at 2.) The denial was without prejudice to the plaintiff's ability to assert the claims in a separately filed action.[3]

The plaintiff objects to this ruling, first, on the basis that it was not timely, asserting that he was prejudiced by the magistrate judge's failure to "promptly conduct" his review of the plaintiff's motions, as required by Rule 72(a). (ECF No. 217, at 1.) The plaintiff does not state how he has been prejudiced, but he further objects to the magistrate judge's conclusion that amendment would unnecessarily delay and complicate proceedings, pointing out that the magistrate judge's months-long delay in ruling on the plaintiff's motions has unnecessarily delayed proceedings.

The court understands that the magistrate judge is dealing with an extremely full docket, and that the plaintiff's multiplicity of filings does nothing to ease that burden. Certainly, more timely rulings would be preferable for all involved, but the plaintiff has not shown that the magistrate judge's ruling was clearly erroneous or contrary to law. The plaintiff's objections (ECF No. 217) are therefore **OVERRULED**.

### *(3)    Objections at ECF No. 218*

Finally, the plaintiff objects to the magistrate judge's order (ECF No. 205) denying the plaintiff's motion for a temporary restraining order (ECF No. 43, filed Sept. 20, 2012), and his motion for an expedited hearing on the motion for a temporary restraining order (ECF No. 48, filed Oct. 10, 2012).

In his motion for a restraining order, the plaintiff alleged that various defendants at the DeBerry Special Needs Facility where he was then housed were interfering with his "'federally protected' right of mutual assistance with other inmates." (ECF No. 43, at 1.) He sought an order prohibiting the defendants from harassing or retaliating against him for his legal activities and his work as an Inmate Legal Helper, and from interfering with the plaintiff's access to the prison law library. (*See* ECF No. 43-1, at 1–2 (proposed order).)

The magistrate judge denied the motion as moot, on the basis that Rule 65 of the Federal Rules of Civil Procedure permits the issuance of a temporary restraining order if the record "clearly show[s] that

---

[3] The magistrate judge also denied the plaintiff's motion (ECF No. 165) asking the court to address pending amendments, and a related motion requesting a ruling on the earlier motion (ECF No. 179).

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition (ECF No. 205, at 1 (quoting Fed. R. Civ. P. 65(b)), but that the plaintiff had been transferred to the South Central Correctional Facility in Clifton, Tennessee on or around October 24, 2012, shortly after the filing of the plaintiff's motion for a temporary restraining order.

In reaching his conclusion, the magistrate judge correctly noted that claims against prison officials for declaratory and injunctive relief are rendered moot when the inmate plaintiff is no longer incarcerated at the facility that employs the defendants against whom such relief is sought, because these defendants lack the ability to provide the prospective injunctive relief the plaintiff seeks. *Cardinal v. Metrish*, 564 F.3d 794, 798–99 (6th Cir. 2009) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

Again, the plaintiff has not shown that the magistrate judge's ruling was clearly erroneous or contrary to law. The plaintiff's objections (ECF No. 218) are **OVERRULED**.

This matter remains referred to the magistrate judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge