UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DANNY RAY MEEKS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:12-0545 |
| | ) | Judge Trauger/Bryant |
| DERRICK D. SCHOFIELD, *et al.*, | ) | **Jury Demand** |
| | ) | |
| Defendants | ) | |

## O R D E R

Pending in this case are three procedurally related motions filed by Plaintiff Danny Ray Meeks: Plaintiff's Motion for Mandatory Injunction (Docket Entry No. 249); Motion for Court Ordered Protection of Plaintiff's Fourteenth Amendment Due Process Rights (Docket Entry No. 269); and Motion for Court to Enter Ruling in D.E. No. 249 (Docket Entry 288). Defendants have filed responses in opposition (Docket Entry No. 257 and 292).

For the reasons stated below, the three motions referenced above are **DENIED**.

Plaintiff Meeks, a prisoner proceeding *pro se* and *in forma pauperis*, has filed this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 as well as violations of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, as well as retaliation based upon events that occurred while Plaintiff was confined at the DeBerry Special Needs Facility in Nashville, Tennessee. After the filing of the complaint

in this action, Plaintiff Meeks in October 2012 was transferred from the DeBerry Special Needs Facility in Nashville to the South Central Correctional Facility in Clifton, Tennessee, where he is housed presently.

The three motions referenced above seek preliminary injunctive relief premised upon alleged occurrences and events at the South Central Correctional Facility following Meeks's transfer there. Specifically, Plaintiff's Motion for Mandatory Injunction (Docket Entry No. 249) seeks a preliminary injunction directing the Chief Executive Officer of Corrections Corporation of America, the Warden and the Deputy Warden of the South Central Correctional Facility "to immediately comply with the mandatory requirements of the Americans with Disabilities Act of 1990." (Docket Entry No. 249 at 1). Similarly, Plaintiff's Motion for Court Ordered Protection of Plaintiff's Fourteenth Amendment Due Process Rights (Docket Entry No. 269) seeks an order requiring employees of Corrections Corporation of America at the South Central Correctional Facility to cease "further acts intended to deter Plaintiff from exercising his enumerated constitutionally protected First Amendment right of access to the Courts." (Docket Entry 269 at 1). This motion deals with what Meeks describes as infringement of his right to due process of law in prison disciplinary proceedings at the South Central Correctional Facility.

As the summary in the foregoing paragraph indicates, the events that give rise to these motions do not involve the current Defendants in this case, all of whom are or were employed at the

DeBerry Special Needs Facility in Nashville. Instead, the events that prompted Meeks to file these motions occurred after his transfer to the South Central Correctional Facility and involve alleged acts of persons who are employed there. Thus the current Defendants in this case are incapable of providing the injunctive relief that Meeks seeks, and the persons that Meeks seeks to have enjoined by these motions are not parties to this case. For these reasons, the undersigned Magistrate Judge finds that the relief that Meeks seeks in these two motions is unrelated to the claims in the current action, and, therefore, that his motions for injunctive relief in this case are inappropriate and must be denied.

For the foregoing reasons, the three motions referenced above are **DENIED** without prejudice to Meeks's right to assert such claims in new complaints if he wishes to do so.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge